# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICE DIAZ,<br><br>    Plaintiff,<br><br>v.<br><br>TRANS UNION LLC, et al.,<br><br>    Defendants. | No. 1:18-cv-01341-DAD-EPG<br><br>ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS WITHOUT LEAVE TO AMEND<br><br>(Doc. No. 36) |

This matter is before the court on defendant Trans Union LLC's ("Trans Union") motion for judgment on the pleadings. (Doc. No. 36.) Pursuant to Federal Rule of Civil Procedure 78(b) and Local Rule 230(g), the court deemed the motion suitable for decision without oral argument. (Doc. No. 52.) The court has considered the parties' briefs, and for the reasons set forth below, will grant Trans Union's motion without leave to amend.

**BACKGROUND**

On August 8, 2016, plaintiff's Chapter 7 bankruptcy was discharged in the U.S. Bankruptcy Court for the Eastern District of California. (Doc. No. 1 ("Compl.") at ¶ 10.) On June 28, 2018, plaintiff obtained her credit disclosure from Trans Union, a consumer credit

/////

/////

reporting agency ("CRA").¹ (*Id.* at ¶ 11.) Plaintiff alleges that the credit disclosure that she received was inaccurate because defendants Bank of America, N.A. ("BANA"), Chase Bank, N.A. ("Chase"), TD Bank USA, N.A. ("TD"), Ditech Financial, LLC ("Ditech"), and Wells Fargo Bank, N.A. ("Well Fargo") (collectively, the "furnishers") inaccurately reported their trade lines—the "errant trade lines"—without the notation of bankruptcy discharge. (*Id.* at ¶¶ 7, 11.) On or about July 23, 2018, plaintiff submitted a letter to Trans Union, attaching thereto the bankruptcy court's order of discharge, disputing the reporting in her Trans Union credit disclosure, and asking Trans Union to "report the Errant Trade Lines with the correct notation of bankruptcy discharge." (*Id.* at ¶¶ 11–14.) On or about August 2, 2018, Trans Union provided plaintiff with the results of its investigation into her dispute.² (*Id.* at ¶ 16.) Plaintiff alleges that these results "showed that Trans Union and the Furnishers failed or refused to report the Errant Trade Lines with the correct notation of bankruptcy discharge." (*Id.*)

On September 28, 2018, plaintiff initiated this action against Trans Union and the furnishers alleging negligent and willful violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*³ (*See* Compl. at 17–19.) Therein, plaintiff alleges that Trans Union

---

¹ "CRAs receive credit information about borrowers and consumers from data furnishers [and then] . . . they compile and distribute the information to subscribers through credit reports, and to consumers through consumer disclosures." *Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 752 (9th Cir. 2018).

² Although her complaint refers to and relies on the results of Trans Union's investigation, plaintiff did not attach a copy of those results to her complaint. Trans Union, however, has attached the investigation results to their pending motion. (*See* Doc. No. 36, Ex. B.) "A court may . . . consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Here, plaintiff alleges that Trans Union "negligently [and willfully] failed to conduct a reasonable reinvestigation." (Compl. at ¶¶ 82, 89). Plaintiff's claims therefore depend on the investigation's results. Plaintiff does not dispute the authenticity of those results. Accordingly, the court will consider the investigation results in ruling on the pending motion.

³ Plaintiff has voluntarily dismissed or stipulated to dismiss all but one of the furnishers with prejudice. (*See* Doc. Nos. 19, 44, 45, 47, 54.) Ditech, however, remains as a defendant. The court is aware that, after this action was filed, Ditech filed for Chapter 11 bankruptcy (*see* Doc. Nos. 34, 39), and that the filing of Ditech's bankruptcy petition "operates as a stay . . . of . . . the . . . continuation . . . of [this] judicial . . . proceeding against [Ditech]." 11 U.S.C. § 362(a)(1).

"negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported" and "willfully failed to conduct a reasonable reinvestigation as required [by law]." (*Id.*) Plaintiff alleges that she "has suffered credit and emotional damages . . . [and] has also experienced undue stress and anxiety due to Defendants' failure to correct the errors in her credit file." (*Id.* at ¶ 17.)

On February 25, 2019, Trans Union filed the pending motion for judgment on the pleadings. (Doc. No. 36.) On March 19, 2019, plaintiff filed her opposition, and, on March 26, 2019, Trans Union filed its reply thereto. (Doc. Nos. 46, 50.) On April 12 and May 15, 2019, Trans Union filed notices of supplemental authority in support of the pending motion. (Doc. Nos. 53, 58.)

## LEGAL STANDARD

Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." In reviewing a motion brought under Rule 12(c), the court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the nonmoving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).

The same legal standard applicable to a Rule 12(b)(6) motion applies to a Rule 12(c) motion. *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). Accordingly, "judgment on the pleadings is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." *Marshall Naify Revocable Tr. v. United States*, 672 F.3d 620, 623 (9th Cir. 2012) (quoting *Fajardo v. County of Los Angeles*, 179 F.3d 698, 699 (9th Cir. 1999)); *see also Fleming*, 581 F.3d at 925 (noting that "judgment on the pleadings is properly granted when there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law"). The allegations of the non-moving party must be accepted as true, while any allegations made by the moving party that have been denied or contradicted are assumed to be false. *MacDonald v. Grace Church Seattle*, 457 F.3d 1079, 1081 (9th Cir. 2006). The facts are viewed in the light most favorable to
/////

the non-moving party and all reasonable inferences are drawn in favor of that party. *Living Designs, Inc. v. E.I. DuPont de Nemours & Co.*, 431 F.3d 353, 360 (9th Cir. 2005).

## ANALYSIS

"The FCRA arose out of 'congressional concern over abuses in the credit reporting industry.'" *Shaw*, 891 F.3d at 755 (quoting *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995)). "Congress thus enacted the FCRA in order to ensure fair and accurate credit reporting." *Id.* (citation and internal quotation marks omitted). As relevant here, to assert a claim under either §§ 1681e(b) or 1681i of the FCRA—alleging either that a consumer report is inaccurate or that a CRA did not conduct a proper investigation to determine whether the disputed information is inaccurate—a plaintiff must plead the existence of a factual inaccuracy within the report. *See Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995) ("In order to make out a prima facie violation under § 1681e(b), a consumer must present evidence tending to show that a credit reporting agency prepared a report containing inaccurate information."); *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 890 (9th Cir. 2010) ("Although the FCRA's reinvestigation provision, 15 U.S.C. § 1681i, does not on its face require that an actual inaccuracy exist for a plaintiff to state a claim, many courts, including our own, have imposed such a requirement."). Information in a credit report is inaccurate if it is "patently incorrect or materially misleading." *Carvalho*, 629 F.3d at 890–91.

Trans Union's investigation results show that plaintiff's accounts with the furnishers were "Included in Bankruptcy" and that the accounts were closed. (*See* Compl., Ex. A at 5.) Furthermore, the results do not indicate any account or past due balance. (*Id.*) Plaintiff contends that "[t]here is a difference between [the notations] 'included in bankruptcy' and 'discharged in bankruptcy,'" (Doc. No. 46 at 6), because "without the correct notation of bankruptcy discharge . . . any creditor reading her credit report would be misled to believe that the[] accounts are open and active when, in fact, they are closed and no longer Plaintiff's obligation," (Compl. at ¶ 8). Trans Union argues that nothing in its report was patently incorrect or materially misleading. (Doc. No. 36 at 6–8.) The court is persuaded by Trans Union's argument.

/////

4

First, the complaint is devoid of any support for the allegation that plaintiff's consumer disclosure was factually inaccurate. In conclusory fashion, plaintiff merely alleges that a potential creditor would be misled by "included in bankruptcy," as opposed to "discharged in bankruptcy," but does not explain why. In her opposition to the pending motion, plaintiff argues that "[s]tating that an account is 'included in bankruptcy' *suggests* that the bankruptcy is pending and that no discharge has been granted (otherwise it would report as discharged)." (Doc. No. 46 at 6) (emphasis added). That the notation "included in bankruptcy" might *suggest* that a bankruptcy is pending is of no import because the issue is whether plaintiff's consumer disclosure is actually inaccurate. *See, e.g.*, *Shaw*, 891 F. 3d at 757 ("Under this test, imprecision alone does not render a CRA's conduct actionable. Rather, the CRA's reporting must be misleading in such a way and to such an extent that it [could] be expected to adversely affect credit decisions."). Plaintiff has provided the court with no authority that states or indicates that the "included in bankruptcy" notation is patently incorrect, materially misleading or could be expected to adversely affect credit decisions.

Second, "[t]here [i]s nothing false or 'inaccurate' about [the furnishers'] reporting [plaintiff's] accounts as included in her bankruptcy, closed, and with zero balance." *Blanch v. Trans Union, LLC*, 333 F. Supp. 3d 789, 793 (M.D. Tenn. 2018). Indeed, many courts considering this very issue have concluded that "[t]here is no meaningful difference between the phrase 'included in bankruptcy' and the phrase 'discharged in bankruptcy.'" *Butler v. Equifax Info. Servs., LLC*, No. 5:18-cv-02084-JGB-SHK (C.D. Cal. Apr. 3, 2019); *see also Smith v. Trans Union, LLC*, No. 2:18-cv-13098-GCS-SDD (E.D. Mich. May 10, 2019) (same); *Fleming v. Trans Union, LLC*, No. 2:18-cv-9785-PA-PLA (C.D. Cal. March 8, 2019) (same). Although plaintiff argues that the decision in *Blanch* is inapposite (Doc. No. 46 at 7), the current issue is precisely the same as the one presented in that case. Not only did the plaintiff in *Blanch* plead that her trade lines were materially misleading due to the notation "included in bankruptcy," but the court there also found that such an allegation did not meet the consumer's burden of pleading that the information furnished was inaccurate. 333 F. Supp. 3d at 793–94. Here, too, the court concludes that plaintiff has not met her burden of proving that the information furnished with regard to her

credit disclosure was inaccurate.  Moreover, as the district court in *Blanch* noted, reporting accounts with a zero balance with an indication that a plaintiff is no longer liable for those accounts—as Trans Union reported plaintiff's accounts here—is accurate.  *See* 333 F. Supp. 3d at 793 ("The Federal Trade Commission has explicitly stated: 'A consumer report may include an account that was discharged in bankruptcy (as well as the bankruptcy itself), as long as it reports a zero balance due to reflect the fact that the consumer is no longer liable on the discharged debt.'") (citation omitted).

Third, Trans Union contends that plaintiff's bankruptcy is accurately reported as discharged in the public record section of her credit file.  (Doc. No. 50 at 6; *see also* Doc. No. 36 at 8.)  Courts have found that, even if a report of "included in bankruptcy" is misleading, the fact that the bankruptcy is reported as discharged in the public record section of the report "eliminates the possibility that a lender would be misled by the reporting." *Torion v. JPMorgan Chase Bank, Nat'l Ass'n*, No. 17-cv-00422-PJH, 2017 WL 2986250, at *6 (N.D. Cal. July 13, 2017) (finding that, because a credit report "clearly disclosed [the bankruptcy] elsewhere," the report was not misleading); *see also Mestayer v. Experian Info. Sols., Inc*, No. 15-cv-03645-EMC, 2016 WL 7188015, at *3 (N.D. Cal. Dec. 12, 2016) ("[T]he disclosure of the bankruptcy filing vitiates the risk that any deviation from [the industry standards] could be misleading.").  Although neither party has provided the court with the public record section of plaintiff's credit file, the court concludes that Trans Union reported plaintiff's Chapter 7 bankruptcy as "discharged" in the public record section of her credit file because (1) Trans Union claims that it did so (*see* Doc. Nos. 36 at 8; 50 at 6) and (2) plaintiff does not refute this in her opposition to the pending motion and appears to acknowledge the same.  (*See* Doc. No. 46 at 8) ("Trans Union also argues that the public records section of Plaintiff's credit file shows that Plaintiff's bankruptcy was discharged. However, it is not enough that the bankruptcy itself reports as discharged in the public records section of Plaintiff's credit file.") (citation omitted).  In this regard, a district court considering a motion for judgment on the pleadings may assume as true the allegations of the moving party that have not been denied. *See Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989) ("For purposes of the [12(c)] motion, the allegations of the non-moving party

6

must be accepted as true, while the allegations of the moving party which have been denied are assumed to be false.") Thus, even if plaintiff could plausibly contend that the notation "included in bankruptcy" is misleading, any potential for misunderstanding is mitigated by the public records section of the report.

Based on the foregoing, the court concludes that plaintiff has not met her burden of establishing that Trans Union's consumer disclosure contained a factual inaccuracy that was either patently incorrect or materially misleading, *see Carvalho*, 629 F.3d at 890–91, and will therefore grant Trans Union's motion for judgement on the pleadings.

## LEAVE TO AMEND

The court also concludes that the granting of leave to amend is not appropriate. Courts have discretion both to grant a motion for judgment on the pleadings with leave to amend or to simply grant dismissal of causes of action rather than grant judgment as to them. *Lonberg v. City of Riverside*, 300 F. Supp. 2d 942, 945 (C.D. Cal. 2004) (citations omitted); *see also Pac. W. Grp. v. Real Time Sols., Inc.*, 321 Fed. App'x 566, 569 (9th Cir. 2008);[4] *Woodson v. State of California*, No. 2:15-cv-01206-MCE-CKD, 2016 WL 524870, at *2 (E.D. Cal. Feb. 10, 2016). Generally, dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." *Intri-Plex Techs. v. Crest Grp.*, 499 F.3d 1048, 1056 (9th Cir. 2007) (citing *In re Daou Sys., Inc.*, 411 F.3d 1006, 1013 (9th Cir. 2005)); *see also Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) (noting that "[l]eave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility").

Here, plaintiff has alleged no facts and cited to no authority in support of her position that the notation "included in bankruptcy" is inaccurate. In addition, the clear weight of the authority on the dispositive issue is contrary to plaintiff's position. In short, the complaint cannot be saved by amendment and granting leave to amend would therefore be futile.

/////

/////

---

[4] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

7

**CONCLUSION**

Accordingly,

1. Defendant Trans Union's motion for judgment on the pleadings (Doc. No. 36) is granted without leave to amend;

2. The stay that was imposed on May 8, 2019 (Doc. No. 57) pending resolution of the instant motion is hereby lifted;

3. This action continues to be stayed as to defendant Ditech only pursuant to 11 U.S.C. § 362(a); and

4. Defendant Ditech shall file a status report within ninety (90) days of the date of this order, and every ninety (90) days thereafter, advising the court of the status of the bankruptcy proceedings.

IT IS SO ORDERED.

Dated: **June 5, 2019**

UNITED STATES DISTRICT JUDGE